**Fill in this information to identify your case:**

Debtor 1   Vansteen         Reneass          Bennett
           First Name       Middle Name      Last Name

Debtor 2 _____
           First Name       Middle Name      Last Name

Last four digits of social security number: 4993

Last four digits of social security number:

106 Robinson Court
Gaston, SC 29053

___ Check if this is a modified plan, and list below the sections of the plan that have been changed.

___ Pre-confirmation modification

___ Post-confirmation modification

_____
_____
_____
_____

District of South Carolina

# Chapter 13 Plan

12/17

## Part 1: Notices

To Debtors: This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

In the following notice to creditors, you must check each box that applies.

To Creditors: **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ___ Included | _x_ Not included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | _x_ Included | ___ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ___ Included | _x_ Not included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ___ Included | _x_ Not included |

## Part 2: Plan Payments and Length of Plan

2.1  The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

**$390.00** per month for **sixty (60)** months

Debtor ____Vansteen Reneass Bennett_____    Case Number ____18-05492-dd_____

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court.

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2    Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*

        _____    The debtor will make payments pursuant to a payroll deduction order.
        X    The debtor will make payments directly to the trustee.
        _____    Other (specify method of payment ):_____.

**2.3    Income tax refunds.**

*Check one.*

        ✓    The debtor will retain any income tax refunds received during the plan term.
        _____    The debtor will treat income tax refunds as follows:

_____
_____

**2.4    Additional payments.**

*Check one.*

        ✓    **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

## Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1    Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply. Only relevant sections need to be reproduced.*
        X    None. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

        **3.1(a)** The debtor is not in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor.

| Name of Creditor | Collateral |
|---|---|
| _____ | _____ |

        **3.1(b)** The debtor is in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. The arrearage payments will be disbursed by the trustee, with interest, if any, at the rate stated. The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court.

Debtor ____Vansteen Reneass Bennett_____    Case Number ____18-05492-dd____

| Name of Creditor    Collateral | Estimated amount of arrearage | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|
| _____ | $_____ Includes amounts accrued through the [Month/Year] | _____% | $_____ [ payment] (or more) |

      **3.1( c)** The debtor elects to make post-petition mortgage payments to the trustee for payment through the Chapter 13 Plan in accordance with the Operating Order of the Judge assigned to this case and as provided in Section 8.1. In the event of a conflict between this document and the Operating Order, the terms of the Operating Order control.

      **3.1(d)** The debtor proposes to engage in loss mitigation efforts with ____ according to the applicable guidelines or procedures of the Judge assigned to this case. Refer to section 8.1 for any nonstandard provisions, if applicable.

      ____ **3.1(e) Other.** A secured claim is treated as set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

**3.2 Request for valuation of security and modification of undersecured claims.**

   X   **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
      **The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

      *(Or more)*

**3.3**    **Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.**

*Check one.*
    **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

   X   **The claims listed below are being paid in full without valuation or lien avoidance.**

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall satisfy any liens within a reasonable time.

| Name of creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| Carolina Acceptance LLC | 2012 Dodge Challenger | $ 15122.69 | 6 % | $ 293.00 (or more) Disbursed by X Trustee ___ Debtor |

*Insert additional claims as needed.*

**3.4 Lien avoidance.**

*Check one.*
    **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**
      Choose the appropriate form for lien avoidance.

| Name of creditor and | Estimated | Total of all | Applicable | Value of | Amount of | Amount of lien |
|---|---|---|---|---|---|---|

Debtor ___Vansteen Reneass Bennett_____     Case Number ___18-05492-dd_____

| description of property securing lien | amount of lien | senior/unavoidable liens | Exemption and Code Section | debtor's interest in property | lien not avoided (to be paid in 3.2 above) | avoided |
|---|---|---|---|---|---|---|
| **Lenders Loans** Misc. HHG | $1590.00 | $N/A | $4725.00 S.C. Code Ann. § 15-41-30(A)(3) | $3890.00 | $0.00 | All |
| **Lendmark Financial** Misc. HHG | $1915.58 | $N/A | $4725.00 S.C. Code Ann. § 15-41-30(A)(3) | $3890.00 | $0.00 | All |
| **Regional Finance** Misc. HHG | $3143.11 | $N/A | $4725.00 S.C. Code Ann. § 15-41-30(A)(3) | $3890.00 | $0.00 | All |
| **Sunbelt Credit** Misc. HHG | $2040.00 | $N/A | $4725.00 S.C. Code Ann. § 15-41-30(A)(3) | $3890.00 | $0.00 | All |

*Use this form for avoidance of liens on co-owned property only.*

*Insert additional claims as needed.*

**3.5  Surrender of collateral.**

Check one.

   **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

| Name of Creditor | Collateral |
|---|---|
| Auto Money Title Loan | 2005 Mazda 3 |

*Insert additional claims as needed.*

**Treatment of Fees and Priority Claims**

**4.1 General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

Debtor _____Vansteen Reneass Bennett_____    Case Number ____18-05492-dd_____

### 4.3 Attorney's fees

a. The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending *pro se* case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

b. If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

### 4.4 Priority claims other than attorney's fees and those treated in § 4.5.

*Check one.*

X    The debtor is unaware of any priority claims at this time. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

**Domestic Support Claims.** 11 U.S.C. § 507(a)(1):

a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. *Add additional creditors as needed.*

b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

____ **Other Priority debt**. The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a *pro rata* basis. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

### 4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.

*Check one.*

✓   **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Treatment of Nonpriority Unsecured Claims

### 5.1 Nonpriority unsecured claims not separately classified. *Check one.*

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

✓ The debtor estimates payments of less than 100% of claims.
   The debtor proposes payment of 100% of claims.
   The debtor proposes payment of 100% of claims plus interest at the rate of ___%.

### 5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims. *Check one.*

✓   **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

Debtor _____Vansteen Reneass Bennett_____      Case Number ___18-05492-dd_____

**5.3 Other separately classified nonpriority unsecured claims.** *Check one.*

_✓_ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

_✓_ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Vesting of Property of the Estate

**7.1 Property of the estate will vest in the debtor as stated below:**

*Check the applicable box:*

_✓_ Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor.  The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate.  The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor.  Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

___ **Other.**   The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1.  This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

## Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions**

X    **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*
Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below.  A nonstandard provision is a provision not otherwise included in this form or deviating from it.  Nonstandard provisions set out elsewhere in this plan are ineffective.

**8.1 (a) Mortgage payments to be disbursed by the Trustee ("Conduit"):**

Mortgage payments, including pre-petition arrears, will be paid and cured by the Trustee as follows:

| Name of Creditor | Description of Collateral (note if principal residence; include county tax map number and complete street address) | Current installment payment (ongoing payment amount) * | Monthly payment to cure GAP ** (post-petition mortgage payments for the two (2) months immediately following the event beginning conduit) | Estimated amount of PRE-PETITION ARREARAGE** (including the month of filing or conversion)* | Monthly payment on pre-petition arrearage |
|---|---|---|---|---|---|
|  |  | Escrow for taxes: ☐ Yes ☐ No  Escrow for insurance: x☐ Yes ☐ No | $ Or more | $ | $ Or more |

District of South Carolina
Effective December 1, 2017              Chapter 13 Plan                                            Page    6

| | | $ Escrow for taxes:<br>☐ Yes<br>☐ No<br><br>Escrow for insurance:<br>☐ Yes<br>☐ No | $ Or more | $ | $ Or more |
|---|---|---|---|---|---|

\* Unless otherwise ordered by the court, the amounts listed on a compliant proof of claim or a Notice filed under FRBP 3002(c) control over any contrary amounts above, and any Notice of Payment Change that might be filed to amend the ongoing monthly payment amount.
\*\* The Gap will be calculated from the payment amounts reflected in the Official Form 410A Mortgage Proof of Claim Attachment and any Notice of Payment Change that might be filed to amend the monthly payment amount, but should not be included in the prepetition arrears amount.

**All payments due to the Mortgage Creditor as described in any allowed Notice of Post-petition Mortgage Fees, Expenses, and Charges under F.R.B.P. 3002.1, filed with the Court, will be paid by the Trustee, on a pro rata basis as funds are available.** See the Operating Order of the Judge assigned to this case.

Once the trustee has filed a Notice of Final Cure under F.R.B.P. 3002.1(f), the debtor shall be directly responsible for ongoing mortgage payments and any further post-petition fees and charges.

**Signature(s)**

**9.1 Signatures of the debtor and the debtor's attorney.**
*The debtor and the attorney for the debtor, if any, must sign below.*

X  /s/ Vansteen Reneass Bennett
Vansteen Reneass Bennett
Executed on          11/20//2018
                    MM/DD/YYYY

X _____
Executed on _____
              MM / DD/ YYYY

X  /s/ Thomas M. Fryar                          Date     11/20/2018
Thomas M. Fryar DCID#4439                                MM / DD / YYYY
Drose Law Firm
PO Box 8574
Columbia, SC 29202
803-779-5365; 843-620-1035 fax
firmd@bellsouth.net

By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO: 18-05492-dd |
| Vansteen Reneass Bennett ) | |
| aka Vansteen R. Bennett ) | CHAPTER 13 |
| 106 Robinson Court ) | |
| Gaston, SC 29053 ) | CERTIFICATE OF SERVICE |
| ) | |
| Last four digits of Soc. Sec. # 4993 ) | |
| Last four digits of Soc. Sec. # ) | |
| Debtor(s) ) | |

    I HEREBY CERTIFY that I have served a copy of the attached Chapter 13 Plan for the above listed debtor to the creditors and/or parties in interest as listed on the attached matrix/list(s)/sheets, by means of first class United States mail. This service occurred on November 21, 2018.

                                                                        /s/ Thomas M. Fryar
                                                                     Thomas M. Fryar
                                                                       Federal District ID # 4439
                                                                       Attorney for the Debtors
                                                                       Drose Law Firm
                                                                       PO Box 8574
                                                                       Columbia, SC 29201
                                                                       (803) 779-5365
                                                                       Fax (843) 620-1035
                                                                       E-mail: firmd@bellsouth.net

**Columbia, South Carolina**
**Dated:** November 21, 2018

```
Label Matrix for local noticing      AUTO MONEY TITLE LOAN            (p)AMERICREDIT FINANCIAL SERVICES DBA GM FINAN
0420-3                                2009 BROAD RIVER ROAD            PO BOX 183853
Case 18-05492-dd                      Columbia SC 29210-7006           ARLINGTON TX 76096-3853
District of South Carolina
Columbia
Wed Nov 21 10:22:37 EST 2018

Vansteen Reneass Bennett              CAROLINA ACCEPTANCE LLC          Thomas M. Fryar
106 Robinson Court                    1400 BLUFF ROAD                  Drose Law Firm
Gaston, SC 29053-9134                 SUITE A                          PO Box 8574
                                      Columbia SC 29201-4810           Columbia, SC 29202-8574

LENDERS LOANS                         LENDMARK FINANCIAL               LEXINGTON COUNTY TAX COLLECTOR
1102 WASHINGTON STREET                102 DREHER ROAD                  212 SOUTH LAKE DRIVE
Columbia SC 29201-3215                West Columbia SC 29169-4502      SUITE 201
                                                                       Lexington SC 29072-3495

REGIONAL FINANCE                      REGIONAL MANAGEMENT CORP.        (p)SECURITY FINANCE CENTRAL BANKRUPTCY
509 12TH STREET                       979 BATESVILLE RD.               P O BOX 1893
West Columbia SC 29169-6334           SUITE B                          SPARTANBURG SC 29304-1893
                                      GREER, SC 29651-6819

Pamela Simmons-Beasley                US Trustee's Office
250 Berryhill Road                    Strom Thurmond Federal Building
Suite 402                             1835 Assembly Street
Columbia, SC 29210-6466               Suite 953
                                      Columbia, SC 29201-2448
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002(g)(4).

```
AmeriCredit Financial Services, Inc.  SUNBELT CREDIT
dba GM Financial                      5114 FAIRFIELD ROAD
P O Box 183853                        Columbia SC 29203
Arlington, TX 76096
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)Pamela Simmons-Beasley              End of Label Matrix
250 Berryhill Road                     Mailable recipients    13
Suite 402                              Bypassed recipients     1
Columbia, SC 29210-6466                Total                  14
```